**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 1:19CR00307-GLR |
| | : | |
| **PHILIP OLASEHINDE** | : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

**I.    INTRODUCTION**

Philip Olasehinde comes before this Honorable Court thoroughly humbled, exceedingly disappointed in himself for the poor decisions he has made that have brought him to this moment, and utterly remorseful of his conduct. On December 11, 2019, he entered a guilty plea in this matter to one (1) count of Use of a False Passport, in violation of 18 U.S.C. § 1543.

The consequences of Mr. Olasehinde's actions have been especially painful for him – although immeasurably eye-opening – as his conduct has led to condemnation and alienation from his close-knit community and has put a great strain on his relationships with his friends, and a supportive and compassionate wife – relationships that all remain highly supportive of him despite him having let each of them down. As Mr. Olasehinde has readily admitted to undersigned counsel, through his Yoruba translator, "it hurts me beyond belief to know what I have put everyone through."

Mr. Olasehinde understands the gravity of his conduct. He is fully aware of the serious negative impact that the use of false passports has on individuals, businesses and society. In this sense, Mr. Olasehinde's plea demonstrates this understanding and further shows how he has accepted responsibility for his actions. He makes no excuses and accepts the consequences for his conduct. He sincerely believes that his acceptance of responsibility has served as a meaningful first step forward and away from such self-destructive conduct and helped him to focus on becoming a more productive member of society.

1

Through undersigned counsel, Mr. Olasehinde respectfully submits this Memorandum in support of the requested sentence of probation and an appropriate period of supervised release. Such a sentence is "sufficient, but not greater than necessary," to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

## II.   THE LEGAL FRAMEWORK OF AN ADVISORY GUIDELINE RANGE

While this Court must still correctly calculate the guideline range, *Gall v. United States*, 552 U.S. 38, 39 (2007), it may not treat that range as mandatory or presumptive, *Id.* at 51; *Nelson v. United States*, 555 U.S. 350, 352 (2009), but as "one factor" among several" to be considered in imposing an appropriate sentence under § 3553(a). *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). The Court must "consider all of the § 3553(a) factors . . . make an individualized assessment based on the facts presented," *Gall* at 49-50, and explain how the facts relate to the purpose of sentencing. *Id.* at 53-60; *see also Pepper v. United States*, 131 S. Ct. 1229 (2011). The Court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Id.* at 1242-43.

In order to ensure that the guidelines are truly advisory and constitutional, this Court has the authority to disagree with a guideline as a matter of policy. Because "the Guidelines are now advisory…, as a general matter, courts may vary [from Guidelines rangers] based solely on policy considerations, including disagreements with the Guidelines." *Kimbrough*, 552 U.S. at 101-02 (internal punctuation omitted) (*citing Rita v. United States*, 551 U.S. 338, 351 (2007) (district courts may find that the "Guidelines sentence itself fails properly to reflect § 3553(a) considerations").

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). Permitting sentencing courts to consider the widest possible breadth

2

of information about a defendant "ensures that the punishment will suit not merely the offense but the individual defendant." *Pepper*, 131 S. Ct. 1229, 1240 (2011) (citing *Wasman v. United States*, 468 U.S. 559, 564 (1984)).

In this regard, "the district court's job is not [even] to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." *United States v. Forman*, 436 F.3d 638, 644, n.1 (6th. Cir. 2006). Accordingly, "if a district court were explicitly to conclude that two sentences equally served the statutory purpose of § 3553, it could not, consistent with the parsimony clause, impose the higher." *United States v. Ministro-Tapia*, 470 F.3d 137 (2nd Cir. 2006).

### III.   THE APPLICABLE GUIDELINE RANGE

Pursuant to the plea agreement filed with this court on December 11, 2019, the parties agreed to the following calculation under the U.S. Sentencing Guidelines:

| | |
|---|---|
| **Base Offense Level:** The guideline for a violation of 18 U.S.C. § 1543 is USSG §2L2.2. The base offense level is 8. USSG §2L2.2(a). | 8 |
| **Specific Offense Characteristics:** The defendant fraudulently obtained or used a foreign passport. USSG §2L2.2(b)(3)(B) | +2 |
| **Victim Related Adjustment:** None. | 0 |
| **Adjustment for Role in the Offense:** None. | 0 |
| **Adjustment for Obstruction of Justice:** None. | 0 |
| **Adjusted Offense Level (Subtotal):** | 10 |
| **Chapter Four Enhancement:** None. | 0 |
| **Acceptance of Responsibility:** The defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG §3E1.1(a). | -2 |
| **Total Offense Level:** | 8 |

PSR at ¶ 12-20.

Mr. Olasehinde has minimal traffic violations in his past and no past criminal conviction. PSR at ¶ 25. His criminal history score is zero, and his criminal history category is I for sentencing purposes. *Id.* Thus, Mr. Olasehinde's Advisory Guidelines, based on the above calculation, are 0 to 6 months.

## IV. 18 U.S.C. § 3553(A) FACTORS

Section 3553(a)(1) provides a "broad command to consider 'the nature and circumstances of the offense and the history and characteristics of the defendant.'" *Gall*, 552 U.S. at 50 n. 6. The command is consistent with the Supreme Court's observation that "the punishment should fit the offender and not merely the crime." *Pepper*, 131 S. Ct. at 1240 (*citing Williams v. New York*, 337 U.S. 241, 247 (1949)). It is similarly consistent with Congress' express directive that "[n]o limitation shall be placed on the information" a sentencing court may consider "concerning the [defendant's] background, character, and conduct." *Id.* (*citing* 18 U.S.C. § 3661. Given Mr. Olasehinde's lack of any prior criminal record, and the deeply emotional motivation for his conduct, the requested sentence of probation is appropriate in this case.

### A. Mr. Olasehinde's Personal History and Characteristics

Mr. Olasehinde was born in Nigeria, and immigrated to the United States in 2003. He is a naturalized citizen of the United States of America. He and his wife have two young children (aged 2 and 3) who have temporarily gone to live with family in Nigeria due to the financial strains brought about by the instant case. Mr. Olasehinde also has a ten-year-old son who also still lives in Nigeria. Mr. Olasehinde is a proud American citizen and while he is generally worried about more severe consequences such as incarceration resulting from this case, he has also expressed regret that he will likely never be able to participate in the important responsibilities that citizens have such as jury duty and/or voting.

### B. The Requested Sentence Reflects the Seriousness of the Offense and Provides Just Punishment for the Law

U.S.C. 3553(a)(2)(a) directs the court to impose a sentence that will "reflect the seriousness of the offense… and… provide just punishment for the offense." The requested sentence represents a sentence in line with the advisory guidelines, a sentence of probation accurately meets the requirements of U.S.C. 3553(a)(2)(a).

### C. Physical Condition and Mental / Emotional Health

Mr. Olasehinde is forty-eight years of age. While in otherwise good health, Mr. Olasehinde has been following a nutritional fast for several days each week since the time of his arrest. Mr. Olasehinde is a deeply religious man who has, since his arrest, self-imposed this fast as a punitive means of sacrifice in order to atone for the sins of his crimes.

Mr. Olasehinde has been reduced to a mental status of extreme sadness and depression following his arrest. His mental health assessment and report which was completed during his Pre-Sentencing Investigation noted that he was, "very anxious, tearful, and crying at times," because, "of the legal problems he in now facing." He was diagnosed with Adjustment Disorder with Mixed Anxiety and Depressed Mood, Anxiety Disorder, unspecified, and Dysthymic Disorder. In addition to the shame that he feels for his actions, he also feels extreme sadness at the passing of his father whom he was trying to help.

Mr. Olasehinde's mental condition has also been impacted in no small part by the terms of his pre-trial release which have mandated that he be confined to his home. This home detention has continued since July 5, 2019. It has been interrupted only with leave of the Court and of his Pre-Trial supervising agent for legal appointments, court appearances, health care appointments, and one occasion where he needed to attend an immigration meeting with his wife.

The Federal Guidelines do not define pre-trial home detention as being "in custody" for the purposes of crediting a Defendant with time served pre-trial. However, Maryland has for years upheld

such a definition. The Maryland Court of Special Appeals in *Toney v. State*, 140 Md. App. 690, 782 A.2d 383 (2001), stated that,

> Defendant was entitled to credit against sentence for time served in pretrial home detention, where defendant was confined to his home with electronic monitoring, under terms of his pretrial release, defendant was unable to leave his home at any time without obtaining permission of an official obligated to report to court, and had defendant violated his home detention without permission, he could have been prosecuted for escape.

*Id.* at 694, 386. While Defendant is not asking that he be given credit for time served as a Maryland State Court would, he is requesting that the Court take his 438 days of pre-trial detention into account when determining whether or not a downward departure from the guidelines is appropriate.

### D. Deterrence

It is clear that a sentence of probation would provide Mr. Olasehinde with time to carefully reflect on his actions and damage he has caused to the victims, himself, and his family. Incarceration is not necessary to deter Mr. Olasehinde from future criminal conduct.

## VI. CONCLUSION

For the reasons set forth above, Mr. Olasehinde respectfully requests that this Court impose a sentence of probation.

Respectfully submitted,

_____
Bradley S. Shepherd, Esq. (#07204)
Law Offices of Ali K., LLC
6328 Baltimore Nat'l Pike, Suite 200
Catonsville, MD 21228
Tel/Fax: 443-274-1003
Bradley@7474law.com
*Attorney for Philip Olasehinde*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August, 2020, I caused a true and correct copy of the foregoing Defendant's Memorandum in Aid of Sentencing to be delivered via CM/ECF to Assistant United States Attorney Matthew J. Maddox, Esq., United States' Attorney's Office for the District of Maryland, 36 South Charles Street, 4th Floor, Baltimore, MD 21201.

_____

Bradley S. Shepherd, Esq. (#07204)